UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAYOUT, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>HEAVY METAL CORP. AND EAST COAST PRECAST & RIGGING, LLC,<br><br>     Defendants | PRELIMINARY MEMORANDUM AND ORDER SETTING CASE FOR TRIAL<br><br>16-CV-2531 |



**JACK B. WEINSTEIN, Senior United States District Judge**

| **Parties** | **Appearances** |
|---|---|
| Layout | **Shawn R. Farrell**<br>Cohen Seglias Pallas Greenhall & Furman, PC<br>55 Broadway, Suite 901<br>New York, NY 10006<br>212-918-1562<br>sfarrell@cohenseglias.com |
| Heavy Metal Corp. and EastCoast Precast & Rigging | **Katharine E. Kohm**<br>Pierce Atwood LLP<br>One Financial Plaza, 26th Floor<br>Providence, RI 02903<br>401-588-5113<br>kkohm@pierceatwood.com |



1

I. Introduction ............................................................................................................. 2
II. Facts ..................................................................................................................... 3
III. Law ..................................................................................................................... 4
   A. Summary Judgment ........................................................................................ 4
   B. New York Prompt Payment Act ..................................................................... 4
   C. Unpled Cause of Action for Account Stated .................................................. 7
   D. Defendant's Counterclaims ............................................................................ 8
      1. Breach of Contract ..................................................................................... 8
      2. Negligence ................................................................................................. 8
      3. Breach of Covenant of Good Faith and Fair Dealing ................................ 9
IV. Application of Law to Facts ............................................................................. 10
   A. New York Prompt Payment Act ................................................................... 10
   B. Unpled Cause of Action for Account Stated ................................................ 11
   C. Defendant East Coast's Counterclaims ......................................................... 11
      1. Breach of Contract ................................................................................... 11
      2. Negligence ............................................................................................... 12
      3. Breach of Covenant of Good Faith and Fair Dealing .............................. 13
V. Conclusion: Setting Case for Trial ..................................................................... 13

I. **Introduction**

Plaintiff, Layout, Inc. ("Layout"), provides surveyors. Defendants, Heavy Metal Corp. and East Coast Precast & Rigging, LLC (together "Metal"), fabricate and erect steel and precast concrete panels on high rise buildings, using surveying services paid for on an hourly basis.

Metal hired Layout to assist with detailed surveying on two construction projects in Brooklyn. The surveyors were to indicate where panels would be placed. Layout claims it was not paid for its work. Metal claims the work was not done properly and that Layout billed for hours it did not have surveyors on the job. Layout sues to recover payment; Metal counterclaims for money it paid to correct Layout's work. This is essentially a breach of contract dispute.

Layout moved for summary judgment. That motion is denied in part and granted in part. On its own motion, the court dismisses several claims.

## II. Facts

Metal complained that Layout's work was not up to standard. Mar. 29, 2018 Hr'g Tr. at 12:3-13:13; 14:1-16. The parties held repeated on-site meetings to resolve Metal's complaints. Mar. 29, 2018 Hr'g Tr. at 14:1-16. But, Metal continued to employ Layout. Mar. 29, 2018 Hr'g Tr. at 22:22-25.

Layout issued four invoices: February 1, 2016, March 4, 2016, March 27, 2016, and April 11, 2016. *See* Mar. 29, 2018 Hr'g Tr. at 10:17-11:4; *see also* Ex. 7, 8; *see also* Pl. Mot. for Partial SJ, at Ex. H, ECF No. 29-12. Metal contends that it challenged the February 1, 2016 invoice "soon after" it was received. *See* Defs. R. 56.1. Stm't. at ¶ 11, ECF No. 31-1.

During the periods before and after invoicing, the parties repeatedly communicated through emails and meetings on the work site about Metal's concerns with Layout's mistakes. *See, e.g.*, Jan. 5, 2016 Bryan Decker email to Ricky Avalos, ECF No. 31-3 at 3; Mar. 10, 2016 Bryan Decker email to Ricky Avalos, ECF No. 31-4 at 2; Apr. 18, 2016 Jeremy Moses email to John Emilius, ECF No. 31-5 at 2; Apr. 29, 2016 Jeremy Moses email to John Emilius, ECF No. 31-7 at 2; June 1, 2016 Jeremy Moses email to John Emilius, ECF No. 31-8 at 2; *see also* Mar. 29, 2018 Hr'g Tr. at 9:5-21:3 (court and parties reviewing email correspondence).

Metal contends that Layout's work on the Vanderbilt Project was "woefully defective," and that it was rarely able to use Layout's surveying marks to position panels. Defs. Obj. to Pl. Mot. for Partial SJ at 2, ECF No. 31. As a result of Layout's faulty work, Metal contends that it was forced to spend time and money for corrections. *Id.* at 3; *see also* Defs. Ans. to Compl. at 7,

3

ECF No. 11. Metal also claims that Layout billed for workers that were not supplied. Defs. Obj. to Pl. Mot. for Partial SJ at 11, ECF No. 31.

### III. Law

#### A. Summary Judgment

Summary judgment is appropriate when, "after construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact." *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009); *see also Design Partners, Inc. v. Five Star Elec. Corp.*, No. 12-CV-2949 (PKC)(VMS), 2016 U.S. Dist. LEXIS 41913, at *15 (E.D.N.Y. Mar. 29, 2016) ("Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.") (citing *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012)). The non-moving party must provide "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation omitted).

Under Federal Rule of Civil Procedure 56(f), "after giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f).

#### B. New York Prompt Payment Act

The New York Prompt Payment Act ("Act") is designed to provide for the "prompt payment of employees and contractors engaged in private construction projects . . . [and] to ensure greater enforcement mechanisms are available for employees, contractors and subcontractors" seeking payment. NY Bill Jacket, 2009 A.B. 6493, Ch. 417 at 6. The

legislature set a default standard for "situations in which, contrary to existing contracts, payments for *approved* services are unjustly delayed," since delays may discourage firms and organizations that provide construction services from doing such business in New York. 2002 N.Y. Sess. Laws Ch. 127 (S. 7724-A) (McKinney) (emphasis added).

The Act outlines a schedule for contractors to follow for timely payment. Generally, a contractor will "invoice the owner for interim payments at the end of the billing cycle" and can then "submit a final invoice for payment in full upon the performance of all the contractor's obligation under the contract." Act § 756-a(2)(a) (McKinney 2009). Once the invoice and supporting documentation is delivered, the company that receives the invoice "shall approve or disapprove all or a portion . . . within *12 business days.*" § 756-a(2)(a)(i) (emphasis added).

The party receiving the invoice has three options: (1) approve and pay the invoice; (2) decline to pay; or (3) take no action. If the owner approves the invoice during the billing cycle, payment is due "*no later than thirty days* after approval . . . ." § 756-a(3)(a)(ii) (emphasis added). If the owner "declines to approve an invoice or a portion thereof, [the owner] must prepare and issue a written statement describing those items in the invoice that are not approved." § 756-a(2)(a)(i).

An owner may decline to approve an invoice for various reasons, including: (1) unsatisfactory or disputed job progress; (2) defective construction work or material not remedied; (3) disputed work materials; or (4) failure to comply with other material provisions of the construction contract. *See* § 756-a(2)(a)(i). If the owner declines to approve an invoice and issues a written statement, it may only withhold the "amount that is sufficient to pay the costs and expenses the owner reasonably expects to incur in order to cure the defect or correct any items set forth in writing pursuant to [§ 756-a(2)(a)(i).]" § 756-a(3)(a)(iv).

5

The Act provides three remedies to contractors not paid within the Act's timeframe. First, if any interim or final payment to a contractor is delayed beyond the thirty-day period established in § 756-a(3)(a)(ii), the owner "shall pay the contractor interest, beginning on the next day, at the rate of one percent a month or fraction of a month on the unpaid balance." § 756-b(1)(a). Second, if the contractor takes no action "to approve or disapprove of an invoice within the time limits established in [§ 756-a(2)(a)(i)], or to pay the contractor the undisputed invoice amount within the time limits provided by [§ 756-a(3)(a)(ii)], the contractor may suspend contractually required performance," subject to written notice. § 756-b(2)(a)(i). Third, a contractor may refer the matter "to the American Arbitration Association for an expedited arbitration." § 756-b(3).

Despite the Act's strict language, New York courts have sharply limited its effect. For example, in a Second Department case, *Donninger Constr., Inc. v. C.W. Brown, Inc*, a defendant that did not respond to an invoice within the allotted twelve days was able to present evidence that the invoiced amount was "subject to various deductions for, inter alia, back charges, incorrect invoicing, and improper performance of the work." 979 N.Y.S.2d 133, 135 (N.Y. App. Div. 2014) (internal quotation marks omitted). The defendant's failure to issue a written disapproval on the invoices did not bar it from asserting defenses. *Id.* at 134. The court noted that

> [n]othing in General Business Law § 756-b provides that a contractor's failure to timely disapprove or make payment on an invoice prevents the contractor from contesting, acts as a waiver of a contractor's ability to contest, or constitutes an admission that the contractor owes the invoiced sum.

*Id.* at 134 (internal quotation marks omitted). *See also Precast Restoration Servs., LLC v. Global Precast, Inc.*, 17 N.Y.S.3d 393, 394 (N.Y. App. Div. 2015) (holding that "defendant did

not waive its affirmative defenses by failing to disapprove plaintiff's invoice (*see* [*Donninger*]). Because plaintiff failed to establish an absence of material issues of fact as to the merits of those defenses, its motion [for summary judgment] should have been denied, without regard to the sufficiency of defendant's proof in opposition to the motion.").

### C. Unpled Cause of Action for Account Stated

A party making a claim for account stated has the burden of showing that: "(1) an account was presented; (2) it was accepted as correct; and (3) the debtor promised to pay the amount stated." *Kasper Global Collection & Brokers, Inc. v. Global Cabinets & Furniture Mfrs. Inc.*, 952 F.Supp.2d 542, 571 (S.D.N.Y. 2013); *see also Navimex S.A. de C.V. v. S/S "Northern Ice,"* 617 F.Supp. 103 (S.D.N.Y. 1984) ("An account stated is an agreement, express or implied, that a statement of account has been asserted, and has been accepted as correct."). Upon receipt of an account, a party is "obligated to inspect it, and if that party admits it to be correct, it becomes a stated account and is binding on both parties." *Orthopedic Spine Care of Long Island, P.C. v. Ingardia*, No. 09-CV-2757, 2011 WL 3841439, at 3 (E.D.N.Y. Aug. 25, 2011). An account stated need not be express; implied agreement can be shown by failure to object to an account within a reasonable time. *Id.* Partial payment by a debtor may also imply agreement to an account. *Id.*

Summary judgment on an account stated claim may be defeated by "an allegation of a timely objection to the account, whether ultimately meritorious or not." *Banker v. Esperanza Health Sys.*, No. 05 Civ. 4115, 2011 WL 838909, at 4 (S.D.N.Y. 2011). To meet its burden, "the party challenging the account must raise *specific* allegations of protest, indicating when, how, and/or to whom objections were made, along with some indication of the content of the conversation(s) had." *Id.* (emphasis added).

### D. Defendants' Counterclaims

#### 1. Breach of Contract

Four elements must be established for a breach of contract claim: (1) the existence of a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages. *SymQuest Grp., v. Canon U.S.A. Inc.*, 186 F.Supp.3d 257, 263 (E.D.N.Y. 2016).

"Generally, a party must perform his or her obligations under a contract before he or she may recover on a breach of contract claim." *K.M.L. Labs. Ltd. v. Hopper*, 830 F.Supp. 159, 166 (E.D.N.Y. 1993). A party's "obligations [may be] excused because of the severity of [the opposing party's] breach." *Id.* (citing *Fitzgibbons Boiler Co. v. National City Bank*, 287 N.Y. 326, 331 (1942) ("Plaintiff . . . may not insist on the fulfillment of a contract to which it is a party if it can be said to have brought about the breach of that contract.")).

#### 2. Negligence

In a contract suit, related negligence claims based on tort are discouraged. A cause of action for negligence must be supported by a legal duty springing "from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent on the contract." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012). If the basis of a negligence claim "is a breach of solely contractual obligations, such that the [party] is merely seeking to obtain the benefit of the contractual bargain through an action in tort, the claim is precluded as duplicative." *Id.* The party asserting the negligence claim must "allege or demonstrate that the [opposing party] owed them a legal duty independent of the contractual duty." *Heffez v. L & G Gen. Constr., Inc.*, 56 A.D.3d 526, 527 (2008). It must also be established that an injury or damage occurred as a result of the opposing party's negligence. *Id.*

8

New York courts have recognized an exception to this rule for claims against professionals, where "a legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship. Professionals may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties." *Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540, 551 (1992).

### 3. Breach of Covenant of Good Faith and Fair Dealing

The implied covenant of good faith and fair dealing includes "any promises which a reasonable person in the position of the promisee would be justified in understanding were included"; in New York, an implied covenant inheres in every contract. *Dweck Law Firm, L.L.P. v. Mann*, 340 F.Supp.2d 353, 358 (S.D.N.Y. 2004) (internal citations omitted); *see also SymQuest Grp.*, 186 F.Supp. at 265. Because all contracts under New York law contain an implied covenant, a breach of the implied duty is merely a breach of the underlying contract. New York does not recognize a separate cause of action for breach of the implied covenant if the same facts support a breach of contract claim. *SymQuest Grp.*, 186 F.Supp. at 265.

Where a party "alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." *Id.*; *see also ICD Holdings S.A. v. Frankel*, 976 F.Supp. 234, 243 (S.D.N.Y. 1997) ("A claim for breach of the complied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract.") (internal quotation marks omitted).

## IV. Application of Law to Facts

### A. New York Prompt Payment Act

Before, during, and after the period when Layout invoiced Metal, the parties exchanged emails about serious errors and met with one another, in effect acknowledging that Metal complained in detail about Layout's work. *See supra* Part II (listing emails). As a matter of law, this satisfies the written notice requirement of the Act as it has been construed by the New York courts. These writings and meetings put Layout on notice that its bills were disputed and why.

Even if the communications were not issued within the period required under the Act, "[n]othing in General Business Law § 756-b [, the Act,] provides that a [party's] failure to timely disapprove or make payment on an invoice prevents [that party] from contesting, acts as a waiver of [the party's] ability to contest, or constitutes an admission that the [party] owes the invoiced sum." *Donninger Const., Inc. v. C.W. Brown, Inc.*, 979 N.Y.S.2d 133 (2014). A defendant is not barred "from asserting any defenses to the plaintiff's claims" even if the defendant fails to "timely disapprove or make payment on an invoice." *Id.* Metal would be entitled to raise defenses to the invoices at trial, even if it had not complied with the Act's timing and writing requirements. The Act has no effect on the claims and defenses available on the underlying breach of contract claim.

Layout's motion for summary judgment is denied. On the court's motion the claim under the Act is dismissed. The statute has no application to the dispute, and will serve to confuse the jury if presented as a claim separate from the underlying breach of contract. It is dismissed.

### B. Unpled Cause of Action for Account Stated

Layout seeks recovery on a theory of account stated. *See* Pl. Mot. for Partial SJ, at Part III, ECF No. 29-18. This claim was not pled.

Summary judgment on an account stated claim may be defeated by "an allegation of a timely objection to the account, whether ultimately meritorious or not." *Banker*, 2011 WL 838909, at *4; *see supra* Part III(C).

Layout had prompt, actual knowledge that Metal objected to specific portions of its invoices. *See supra* Part II. Emails, invoices, and depositions show that the parties spoke on the phone or met to discuss "plan discrepancies," "plan issues," and "concerns with billing." *Id.* "New York decisions have found that an account is not agreed to where the defendant has raised an objection to the plaintiff's billings or the quality of the plaintiff's work." *United Capital Funding Corp. v. NYC Dep't of Edu.*, 457 Fed.Appx. 53, 55 (2d Cir. 2012) (collecting cases).

Layout's motion for summary judgment is denied. The court dismisses the claim on its own motion for the reasons explained in Part IV(A), *supra*.

### C. Defendant East Coast's Counterclaims

#### 1. Breach of Contract

Metal's breach of contract counterclaim is a mirror image of Layout's claims: if Layout's work was inadequate, then Metal was entitled to withhold all or partial payment; if Layout's work was sufficient, then Metal must pay the invoices. There are factual disputes that prevent the court from deciding this claim short of trial. *See supra* Section IV(A)-(B); *see also SymQuest Grp.*, 186 F.Supp at 263. Layout's motion to dismiss Metal's counterclaim for breach of contract is denied.

Layout argues that Metal may not enforce the contract since Metal breached the contract by failing to timely object to the invoices. Pl. Memo. in Support of Mot. for Partial SJ at 12, ECF No. 29-18. This issue will be decided at trial. Other trial issues are stated *infra*, Part V.

### 2. Negligence

Metal's counterclaim for negligence asserts that Layout owed a duty to Metal to perform survey work in a good and workmanlike manner; that Layout breached that duty; and that Layout's breach caused Metal to sustain damages in excess of the amounts Layout alleges it is owed. Defs. Answer to Compl. at 7, ECF No. 11

A party making a negligence claim in addition to a breach of contract claim must "allege or demonstrate that the [opposing party] owed them a legal duty *independent of the contractual duty.*" *Heffez*, 56 A.D.3d at 527 (emphasis added). Metal has not shown an independent legal duty. The exception discussed *supra* Part III(D)(2) for claims against professionals is inapplicable. Even if characterized as "professionals," surveyors do not owe fiduciary duties equivalent to those of lawyers.

Metal's negligence claim is grounded on the same facts as its breach of contract claim—that Layout breached the contract by failing to perform in a good and workmanlike manner, which resulted in defective work. Where the basis of a negligence claim is the same as that of a breach of contract claim, the former is duplicative and subject to dismissal. *Bayerische Landesbank*, 692 F.3d at 58. Layout's motion to dismiss Metal's counterclaim for negligence is granted.

### 3. Breach of Covenant of Good Faith and Fair Dealing

Metal consented to the dismissal of its counterclaim for breach of the implied covenant of good faith and fair dealing. *See* Defs. Obj. to Pl. Mot. for Partial SJ at 12, ECF No. 31. It is dismissed.

## V. Conclusion: Setting Case for Trial

Layout's motion for summary judgment is denied on its cause of action for a violation of the Prompt Payment Act and its unpled cause of action for account stated; these claims will not be presented to the jury. Layout's motion to dismiss Metal's counterclaim for breach of contract is denied. Layout's motions to dismiss the counterclaims for negligence and breach of the covenant of good faith and fair dealing are granted.

On its own motion, the court dismisses the Prompt Payment Act and account stated claims. *See* Fed. R. Civ. P. 56(f). The parties may contest these rulings at the *in limine* hearing. This memorandum is tentative until the court receives and considers the parties' responses. *See* Mar. 29, 2018 Hr'g Tr. at 27:19-30:1.

Four essential issues shall be presented to the jury:

(1) What was the contract?

(2) Was the contract breached by Layout?

(3) If Layout breached the contract, what is the amount due to Layout, if anything, after accounting for its failure to do its work properly and its charges for unsupplied labor?

(4) Is a recovery due to Metal?

Trial shall commence on May 29, 2018 in Courtroom 10 B South at 2:00 p.m. Jury selection shall be that morning by a magistrate judge.

A hearing on motions *in limine* shall be held on May 14, 2018, at 11:30 am in Courtroom 10 B South. The parties shall exchange and file with the court by May 7, 2018, the following: (1) motions *in limine*; (2) lists of pre-marked exhibits proposed for use at the trial, together with copies of the exhibits, and any stipulations regarding admissibility and authenticity; (3) lists of proposed witnesses together with brief summaries of their proposed testimony; (4) stipulations with respect to undisputed facts; (5) briefs contesting tentative rulings in the present memorandum; and (6) a full proposed charge to the jury and jury findings. The parties shall file courtesy copies of all electronically filed papers.

A representative of Layout and Metal with knowledge of the events shall be present at the hearing.

The parties shall agree on a briefing schedule. If they cannot agree, the magistrate judge shall decide.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: April 17, 2018
Brooklyn, New York